**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4057**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

HECTOR RAMIREZ-CORTEZ, a/k/a Hector Ramirez, a/k/a Juan
Gonzalez-Martinez,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Thomas D. Schroeder,
District Judge. (1:13-cr-00161-TDS-1)

_____

Submitted: July 28, 2014          Decided: August 4, 2014

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Kyle D. Pousson, Special Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Ramirez-Cortez pleaded guilty, pursuant to a written plea agreement, to illegally re-entering the United States as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and received a sentence of forty-two months' imprisonment. On appeal, Ramirez-Cortez challenges the reasonableness of his sentence. We affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). Our review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In evaluating procedural reasonableness, we consider whether the district court properly considered the advisory nature of the Sentencing Guidelines, correctly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If there is no significant procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. We presume a sentence within or below a properly calculated Guidelines range to be substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

2

Ramirez-Cortez asserts that the district court procedurally erred in determining that it lacked authority to vary downward on the basis of the sentencing disparities that result from selected application of the fast-track program.[*] Ramirez-Cortez contends that the district court improperly concluded that it was bound by this court's decision in United States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006), because the Supreme Court's subsequent decision in Kimbrough v. United States, 552 U.S. 85 (2007) (holding that sentencing courts may "vary . . . based solely on policy considerations, including disagreements with the Guidelines"), allows a district court to consider such a sentencing disparity.

This court held in Perez-Pena that any sentencing disparity between defendants receiving fast track plea agreements and those who do not is "warranted as a matter of law," because such disparities are sanctioned by Congress and the Sentencing Commission. 453 F.3d at 243 (internal quotation marks omitted). We have not revisited Perez-Pena in a

---

[*] "'Fast-tracking' refers to a procedure that originated in states along the United States–Mexico border, where district courts experienced high caseloads as a result of immigration violations." United States v. Perez–Pena, 453 F.3d 236, 238 (4th Cir. 2006). In conformity with the fast-track practice, prosecutors seek to obtain pre-indictment guilty pleas by offering to move for a downward departure under U.S. Sentencing Guidelines Manual § 5K3.1, p.s.

3

published, precedential decision since Kimbrough, and Perez-Pena remains controlling in this circuit.

Even if the district court had authority to consider this sentencing disparity, however, we conclude that its reliance on Perez-Pena was harmless. Under harmless error review, we will not reverse the court's judgment when the error "did not have a substantial and injurious effect or influence on the result." See United States v. Lynn, 592 F.3d 572, 585 (4th Cir. 2010) (internal quotation marks omitted). As the Government correctly asserts, the district court in this case specifically stated that, even if it had authority to do so, it would not grant a downward variance related to the lack of a fast-track plea offer in Ramirez-Cortez's case.

Ramirez-Cortez also asserts that his sentence was substantively unreasonable because it was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). The district court, however, fully considered Ramirez-Cortez's cooperation with federal agents, his employment history, and the support of his family in granting a downward variance and imposing a forty-two-month sentence. Because Ramirez-Cortez does not offer any additional factors to rebut the appellate presumption afforded his below-Guidelines sentence, we conclude that his sentence is substantively reasonable. See Susi, 674 F.3d at 289; United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

4

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED